Rafael Buscaglia, Tesorero de Puerto Rico, peticionario, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; Rodolfo Criscuolo, interventor.

Núm. 92.—*Sometido:* Junio 27, 1946. *Resuelto:* Abril 22, 1947.

*Hon. Procurador General Interino Luis Negrón Fernández* y *Carlos Santana Becerra,* abogados del peticionario; *Miranda & Miranda Esteve,* abogados del interventor, querellante en el pleito principal.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La cuestión a decidir en este recurso es una de interpretación de estatutos. Los preceptos legales envueltos son los incisos 11 y 12 de la sección 16 de la Ley núm. 85, aprobada el 20 de agosto de 1925, según fueron enmendados por la Ley núm. 25, aprobada el 4 de diciembre de 1942 (Segunda y Tercera Sesiones Extraordinarias, pág. 127), los cuales dicen así:

"11. *Fonógrafos, Instrumentos de Radio y Accesorios.*—Sobre todo fonógrafo, o instrumento empleado en radio-telefonía o radio-telegrafía, aparatos mecánicos para la reproducción de sonidos o cualquier otro instrumento para tomar o reproducir impresiones o sonidos de la voz humana, o cualquier otro instrumento para tomar o reproducir impresiones de dichas reproducciones, y sobre toda pieza o accesorio para los mismos, que se vendan, traspasen, fabriquen, usen o introduzcan en Puerto Rico, un impuesto de quince (15) por ciento sobre el precio de venta en Puerto Rico."

"12. Sobre todo fonógrafo y aparato mecánico para la reproducción de sonido provisto de mecanismo de amplificación del sonido, conocidas generalmente como velloneras, sinfonolas, grafonolas o con cualquier otro nombre por el que se le conozca, y cuyo funcionamiento se produzca mediante la introducción de monedas, que se fabrique, venda, traspase, use o introduzca en Puerto Rico, un impuesto de veinte (20) por ciento sobre el precio de venta en Puerto Rico."

El interventor importó ciertas piezas y accesorios de velloneras y sobre su precio de venta en Puerto Rico el Tesorero cobró el impuesto de 15 por ciento fijado en el inciso

11 arriba transcrito. El interventor lo pagó bajo protesta y oportunamente recurrió ante el Tribunal de Contibuciones, el cual declaró con lugar la querella y ordenó al Tesorero la devolución de los arbitrios con los intereses correspondientes. Resolvió el citado Tribunal que dichas piezas y accesorios no están sujetos a arbitrios porque el inciso 12, que se refiere a las velloneras, aunque impone un arbitrio de 20 por ciento sobre éstas, no impone arbitrio alguno a las piezas o accesorios para las mismas.

Es pertinente notar que la vellonera, implícitamente está comprendida dentro del vocablo genérico "fonógrafo" y también dentro de la frase "aparatos mecánicos para la reproducción de sonidos." De la misma suerte, las piezas y accesorios de velloneras están comprendidos entre las piezas y accesorios de fonógrafos y aparatos mecánicos para la reproducción de sonidos. Establecida esta premisa, fácil es concluir que si no existiera el inciso 12, tanto las velloneras como las piezas y accesorios para las mismas, estarían comprendidos en el inciso 11 y sujetos al arbitrio del 15 por ciento impuesto por dicho inciso. Pero el legislador, como muy bien indica el abogado del Tesorero, considerando quizás que la vellonera tiene un uso comercial, quiso imponerle un arbitrio mayor que a los demás fonógrafos, y llevando a cabo su intención, la expresó en el inciso 12 que impone a la vellonera un arbitrio de 20 por ciento del precio de venta en Puerto Rico. El mismo resultado hubiera logrado el legislador, si en vez de expresar su intención en el inciso 12, lo hubiera hecho al final del inciso 11, diciendo:

"Disponiéndose, que sobre todo fonógrafo conocido generalmente como vellonera, que se fabrique, venda, traspase, use o introduzca en Puerto Rico, se pagará un impuesto de 20 por ciento sobre el precio de venta en Puerto Rico."

En otras palabras, el inciso 12 no tiene otro propósito que excluir del inciso 11 las velloneras, las cuales, de no ser expresamente excluídas, estarían incluídas en dicho inciso y

sujetas al arbitrio de 15 por ciento. Pero el legislador no tuvo a bien imponer a las piezas y accesorios de las velloneras un arbitrio distinto del que impuso a las piezas y accesorios para los fonógrafos en general, y estando el arbitrio sobre las piezas y accesorios para velloneras implícitamente comprendido en el inciso 11, hubiera sido inútil repetición referirse a dichas piezas y accesorios en el inciso 12, a menos que la intención legislativa hubiera sido imponer un arbitrio distinto sobre las piezas y accesorios de las velloneras.

La decisión del Tribunal de Contribuciones, a nuestro juicio, es errónea. *Procede anularla y devolver el caso a dicho Tribunal para que dicte otra desestimando la querella con imposición de costas al querellante.*